UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Shaneyfelt | Colin Proksel |

**Proceedings:** ZOOM HEARING RE: DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Dkt. 36, filed on August 1, 2023)

DEFENDANT'S MOTION FOR SANCTIONS (Dkt. 40, filed on September 13, 2023)

## I.    INTRODUCTION

Salt River Pima-Maricopa Indian Community (the "Community") is a sovereign nation under United States law. See dkt. 24 ("FAC") ¶¶ 4–5. It maintains a self-funded health insurance plan, the Salt Pima-Maricopa Indian Community Self-Funded Health Plan (the "Plan"), for the benefit of its members and employees. Id. ¶ 6. IEC Group, Inc., dba AmeriBen ("AmeriBen") is the Plan's third-party administrator (TPA). Id. ¶ 7.

On June 13, 2022, plaintiff Dedicato Treatment Center, Inc. ("Dedicato") filed suit against AmeriBen, alleging that AmeriBen failed to pay for services that Dedicato had provided to a member of the Plan. Dkt. 1. On October 11, 2022, AmeriBen filed a motion to dismiss the complaint. Dkt. 17.

On November 22, 2022, the Court granted AmeriBen's motion to dismiss pursuant to Rule 12(b)(7) because the Community was an indispensable party that could not be joined. Dkt. 22.

On December 13, 2022, Dedicato filed a first amended complaint naming the Community as the sole defendant. Dkt. 24. Based largely on the same facts as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'   JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

original complaint, Dedicato has brought the following state law claims against the Community: (1) breach of contract; (2) breach of implied contract; (3) breach of covenant of good faith and fair dealing; (4) promissory estoppel; (5) quantum meruit; (6) violations of California Business and Professions Code Section 17200, *et seq.* ("Unfair Competition Law" or "UCL"). Id. ¶¶ 10-15.

On August 1, 2023, defendant filed the instant motion to dismiss the first amended complaint. Dkt. 36 ("MTD"). On September 1, 2023, plaintiff filed its opposition. Dkt. 38 ("Opp."). On September 11, 2023, defendant filed a reply. Dkt. 39 ("Reply").

On September 13, 2023, defendant filed a motion for sanctions pursuant to Rule 11 arguing that the Court should impose sanctions against plaintiff for "fil[ing] frivolous claims against the Community." Dkt. 40 ("MFS") at 6.

On October 2, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff Dedicato is a treatment center based in Sierra Madre, California, that provides substance abuse treatment services to patients. FAC ¶¶ 1–3. The Community is a federally recognized tribe that was established by Executive Order on June 14, 1879, by President Rutherford B. Hayes. Id. ¶ 4. The Community maintains a self-funded healthcare plan and contracts AmeriBen, an Idaho corporation, to serve as the third-party administrator ("TPA") for the Plan. Id. ¶¶ 6-7.

Plaintiff acknowledges that the Community ordinarily enjoys tribal sovereign immunity from lawsuit but argues that the Community waived immunity by establishing the Plan and agreeing to certain terms in its contract with AmeriBen. Id. ¶¶ 9-20.

On September 25, 2019, a patient (sometimes referred to as "A.N." in the complaint) sought treatment from plaintiff for substance abuse.[1] Id. ¶ 26. Plaintiff asked whether A.N. was covered under any health insurance policy that would cover substance abuse treatment. Id. ¶ 27. A.N. presented a medical ID card showing A.N. was enrolled

---

[1] The patient is inconsistently referred to as either D.N. or A.N. in the FAC. See FAC ¶¶ 25-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

in the Plan. Id. After reviewing the information contained on the patient's medical ID card, Dedicato provided a copy of the information to its billing agent, Vertex Healthcare Services, Inc. ("Vertex") to confirm the patient's eligibility for treatment under the Plan and to obtain certification for treatment. Id. ¶ 28.

Plaintiff alleges that on or about September 25, 2019, a Vertex representative spoke with an AmeriBen representative to confirm that the patient met all requirements for coverage. Id. ¶ 29. Plaintiff specifically alleges that, although AmeriBen had advised that no additional pre-certification would be necessary, "in an abundance of caution, Dedicato sought, and obtained, AmeriBen's authorization before proceeding with further treatment. Dedicato wanted to specifically ensure that AmeriBen agreed with the treatment recommended for the Patient and that AmeriBen would agree to pay for that treatment after Dedicato provided it." Id. ¶ 31.

Plaintiff alleges that from September to November 2019, Vertex requested on behalf of plaintiff, and AmeriBen approved, five series of ten-day hospitalization periods for the patient's treatment. Id. ¶¶ 32–36. Plaintiff sent AmeriBen two invoices for services rendered, and on or about November 1, 2019, and January 3, 2020, AmeriBen partially paid each respective invoice. Id. ¶¶ 38–40.

Plaintiff subsequently alleges that from September to December 2020, Vertex requested on behalf of plaintiff, and AmeriBen approved, ten further periods of treatment for the patient. Id. ¶¶ 41–44. Plaintiff sent AmeriBen seven invoices in connection with these services, and AmeriBen continued to make only partial payments. Id. ¶¶ 45–46.

Plaintiff alleges that from January to February 2021, Vertex requested on behalf of plaintiff, and AmeriBen approved, a final series of treatment periods for the patient. Id. ¶¶ 47-49. According to plaintiff, it sent another six invoices for services rendered during that period, and AmeriBen again only partially paid the fees. Id. ¶¶ 50–52.

According to plaintiff, throughout this period, "Vertex representatives spoke with AmeriBen representatives who indicated that more payments would be coming." Id. ¶ 52. Plaintiff maintains that "AmeriBen, in fact, sent more payments, but for only a fraction of the amounts billed." Id.

In sum, plaintiff alleges that AmeriBen has only paid $72,264.88 out of $508,000. Id. ¶ 56. Based on these alleged facts, plaintiff filed suit solely against the Community.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

## III. LEGAL STANDARD

### A. Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1))

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### B. Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note).

The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c); see id. advisory committee's notes (1993 amendments) ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation."). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11.

## IV.  DISCUSSION

### A.  Lack of Subject Matter Jurisdiction

Plaintiff does not specify grounds for subject matter jurisdiction in its first amended complaint. See FAC. In turn, defendant argues for dismissal based on lack of subject matter jurisdiction. It alleges there is no diversity jurisdiction because "Indian tribes and their entities are not state citizens" that may be sued in diversity. MTD at 3.

Additionally, defendant argues there is "no federal question presented in the FAC" because plaintiff only brings "common law or state law claims." Id. In opposition, plaintiff argues that "Congress expressly authorized ERISA-related actions against Indian Tribes that establish ERISA Plans." Opp. at 3. It cites Lumber Industry Pension Fund v. Warm Springs Forest Products Industries, where the Ninth Circuit held that "ERISA is a statute of general applicability" that provides a basis for suing native tribes. 939 F.2d 683, 685 (9th Cir. 1991). However, elsewhere in their brief, plaintiff expressly states that "Dedicato does not allege any claims under ERISA [and instead] alleges contract-related claims here." Opp. at 21-22. Separately, plaintiff argues that "subject matter jurisdiction exists[] because the Community waived sovereign immunity through its [contractual] agreement with AmeriBen]."[2] Opp. at 9, 13-17.

---

[2] The parties also dispute whether the Plan has sovereign immunity as an "arm of the tribe," but this issue is irrelevant given that both parties agree the Plan is not a party to this suit. See Opp. at 2; Reply at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

In reply, defendant argues that ERISA "d[oes] not confer federal question or diversity jurisdiction over" suits against tribes, even if such suits are "authorize[d]." Opp. at 3. Rather, "Dedicato must provide an independent basis for jurisdiction" because "[a] party's ability to sue is not the same as a court's ability to hear and rule on the suit." Id. Defendant also disputes that it waived sovereign immunity and additionally argues that, even if it did waive immunity, that does not separately create subject matter jurisdiction. Id. at 4.

The Court finds that this case should be dismissed for lack of subject matter jurisdiction. There is no diversity jurisdiction because "an unincorporated Indian tribe . . . is not a 'citizen' of a state within the meaning of the federal diversity statute, 28 U.S.C. § 1332(a)(1), and thus cannot[] be sued in diversity."[3] Am. Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1093 (9th Cir. 2002).

Nor is federal question jurisdiction appropriate. Regardless of whether or not Congress has authorized ERISA suits against tribes, plaintiff has made it clear that its "claims are contract claims, not ERISA claims." Opp. at 21 (capitalization omitted). State law claims do not provide a basis for federal question jurisdiction.

Finally, regardless of whether defendant waived sovereign immunity or not, waiver in-and-of-itself does not create subject matter jurisdiction. See Am. Vantage Companies, Inc., 292 F.3d at 1099 ("We therefore reject the contention that a tribe's waiver of sovereign immunity creates state citizenship for diversity jurisdiction purposes.").

Thus, the Court finds that defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

### B.  Other Grounds for Dismissal

Because the Court has dismissed this case for lack of subject matter jurisdiction, it does not address defendant's arguments regarding personal jurisdiction and sovereign immunity.

---

[3] Neither party has alleged that the Community is an incorporated tribe, which would change the analysis. See Am. Vantage Companies, Inc., 292 F.3d at 1095 n.1 ("An incorporated tribe[] is . . . ordinarily a citizen of the state in which it resides.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-cv-04045-CAS-Ex | Date | October 2, 2023 |
|---|---|---|---|
| Title | DEDICATO TREATMENT CENTER, INC. v. SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | | |

### C. Defendant's Motion for Sanctions

Defendant argues that plaintiff "has violated Rule 11(b)(2) because its claims and other legal contentions are *not* warranted by existing law or by a nonfrivolous argument for extending or modifying existing law or for establishing new law, and any competent inquiry would have concluded that the claims are frivolous." MFS at 4 (emphasis in original). Defendant contends that, during a July 20, 2023, conferral, it provided plaintiff's counsel with a letter "set[ting] forth each argument creating a basis for dismissal and for Rule 11 sanctions." Id. at 5-6. Plaintiff's counsel allegedly did not pushback on the letter but "[i]nstead[] noted that it wanted its day in court." Id. at 3. Defendant alleges that, "had [plaintiff's] counsel conducted a competent inquiry, he would have readily discovered that . . . well-established principles provide myriad bases for dismissal." Id. at 6.

The Court may impose Rule 11 sanctions even after it determines it lacks subject matter jurisdiction. Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797, 801 (9th Cir. 1986) (holding that "[t]he fact[] the district court lacked [subject matter] jurisdiction to consider the merits of the case did not preclude it from imposing sanctions").

Here, the Court has considered defendant's arguments regarding sanctions. The Court is not convinced that the filing of this suit was so clearly improper or unreasonable as to justify an award of sanctions.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss plaintiff's complaint without prejudice. The Court **DENIES** defendant's motion for sanctions and vacates the October 23, 2023, hearing on the matter of sanctions.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |